UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGE ENGEL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 1640 |
| v. | ) ) | Judge Darrah |
| BIJAN CORPORATION, | ) ) | Magistrate Judge Mason |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Marge Engel, individually and on behalf of all others similarly situated, respectfully requests that this Court enter an order determining that this action alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), be certified as a class action.

Plaintiff defines the class as "all consumers to whom Bijan Corporation provided a printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays: (a) more than the last five digits of the person's credit card or debit card number, (b) the expiration date of the person's credit or debit card, or (c) both."

Plaintiff further requests that counsel for plaintiff be appointed counsel for the class.

In support of this motion, plaintiff states as follows:

NATURE OF THE CASE

1. One provision of the December 2003 Fair and Accurate Credit Transactions Act amendment ("FACTA") to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

2. Courts in this Circuit have been certifying classes in FACTA cases such as this one, based upon the Seventh Circuit's instruction to do so in *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 956 (7th Cir. 2006). *See Cicilline v. Jewel Food Stores, Inc.*, 2008 WL 895682 (N.D.Ill., Mar. 31, 2008) (Dow, J.); *Redmon v. Uncle Julio's of Illinois, Inc.*, 2008 WL 656075 (N.D.Ill., Mar. 7, 2008) (Castillo, J.); *Matthews v. United Retail,* Inc., 248 F.R.D. 210 (N.D.Ill., Mar. 5, 2008) (Castillo, J.); *Meehan v. Buffalo Wild Wings, Inc.*, 2008 WL 548767 (N.D.Ill., Feb. 26, 2008) (Lindberg, J.); *Troy v. Red Lantern Inn, Inc.*, 2007 WL 4293014 (N.D.Ill., Dec. 4, 2007) (Aspen, J.).

3. Courts have also held uniformly that section 1681c(g) is not ambiguous. "The plain meaning of the statute is that a merchant shall not print more than the last 5 digits of the credit card number upon any receipt *and* a merchant shall not print the expiration date upon any receipt." *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782, 786 (N.D.Ill. 2007)(denying defendant's motion to dismiss)(emphasis in original). *See also Cicilline v. Jewel Food Stores, Inc.*, 2008 WL 895677 (N.D.Ill., Mar. 31, 2008) (Dow, J.) (collecting cases).

4. FACTA applies to "any receipt" that is "electronically printed" and provided to the cardholder at the "point of sale or transaction." 15 U.S.C. § 1681c(g). The only exceptions in the statute apply to unsophisticated merchants who still use antiquated manual imprinting machines to create receipts. *Id.*

5. Bijan Corporation operates a restaurant at 633 North State Street, Chicago, Illinois ("the Restaurant"), which accepts credit cards or debit cards for the transaction of business. Bijan is

not antiquated, and its electronically printed receipts from its restaurant are governed by FACTA. Bijan does not record credit card or debit card account numbers solely by handwriting or by an imprint or copy of the card.

6. On or about November 7, 2007, plaintiff dined at the Restaurant, and indicated that she wished to charge the cost of the food to a credit card, at the conclusion of the meal.

7. At that time, Bijan, using Plaintiff's credit card and the numbers appearing thereon, caused two credit card receipts to be electronically printed, which reflected the items purchased by Plaintiff, along with other information; and caused a third receipt to be electronically printed, which reflected the total amount of the charge. Bijan sought Plaintiff's signature to validate the charge on her credit card, to reflect the purchase of the food at the Restaurant.

8. All three receipts were provided to Plaintiff upon completion of her meal.

9. One of the three credit card receipts was marked "Merchant Copy".

10. The "Merchant Copy" receipt displayed all of the numbers of Plaintiff's credit card, and the expiration date of her credit card.

11. The complained-of practice was standardized and automated through the cash registers at the Restaurant, where Bijan regularly takes and processes credit and debit card payments for such transactions.

12. Section 1681 c(g) of FACTA is an essential protection against identity theft, which, according to the Federal Trade Commission, victimized some 9 million persons and caused over $57 billion in harm in 2006 alone. "Stevens ID Theft Prevention Act Passes Commerce Committee," States News Service, Apr. 25, 2007 (Exhibit 1). One common *modus operandi* of identity thieves is to collect lost or discarded credit card receipts, or steal them, and use the

information on them to engage in fraudulent transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal,* Oct. 5, 2006, p. B1 (Exhibit 2).

13. As one court from this District has succinctly stated:

> Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card.
>
> Businesses generally require one's credit card number and the expiration date of that credit card to transact business.
>
> Access to both the credit card number and the expiration date of that credit card makes it easier for a thief to commit identity theft.
>
> The existence of a law prohibiting the printing of more than the last five digits of the credit card number makes it difficult for a thief to obtain the victim's credit card number.
>
> The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft.

*Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 786 (N.D. Ill. 2007) (line breaks supplied).

14. The law gave merchants who accept credit and debit cards and provide electronically printed receipts to customers as part of the transaction three years to comply. Full compliance was required by December 4, 2006. 15 U.S.C. § 1681c(g)(3)(A).

15. Defendant knew or should have known of the truncation requirement; the requirement was widely publicized among retailers.

16. Most of defendant's business peers and competitors readily brought their receipt printing

process into compliance.

17. A private remedy is provided by FCRA § 1681n, which provides:

§1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)
    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000...

## CLASS CERTIFICATION REQUIREMENTS

18. All requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

19. Plaintiff brings this action on her own behalf and on behalf of a class of all others similarly situated to whom Bijan provided a printed receipt at the point of sale or transaction which displays: (a) more than the last five digits of the person's credit card or debit card number, (b) the expiration date of the person's credit or debit card, or (c) both.

20. The class is so numerous that joinder of all members is impracticable. The exact size of the plaintiff class is not known, but the size of the class and the identification of its members is subject to determination through information within the exclusive control of the defendant. Plaintiff believes that the number of class members will exceed 100.

21. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

      a.      Whether defendant had a practice of providing customers with a sales or transaction receipt on which defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card;

      b.      Whether defendant thereby violated FACTA; and

      c.      Whether defendant's conduct was willful.

22.    Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories. As numerous courts in this District have found, "Rule 23(b)(3) was designed for situations such as this." *Harris v. Circuit City Stores, Inc.*, 2008 WL 400862 at p. 10 (N.D.Ill., Feb. 7, 2008) (Schenkier, J.)(quoting *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)). *See also*, *Cicilline v. Jewel Food Stores, Inc.*, 2008 WL 895682 (N.D.Ill., Mar. 31, 2008)(granting plaintiff's motion for class certification); *Meehan v. Buffalo Wild Wings, Inc.*, 2008 WL 548767 (N.D.Ill., Feb. 26, 2008)(granting plaintiff's motion for class certification).

23.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of class members. Plaintiff has retained experienced counsel.

24.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

      a.      Consumers are unlikely to recognize the violation; and

      b.      Individual actions are uneconomical.

25.    Courts have recently held that actions alleging willful FCRA violations under other sections of the FCRA and seeking statutory damages are appropriate for class resolution. *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948 (7th Cir. 2006); *Claffey v. River Oaks Hyundai, Inc.,* 238 F.R.D. 464, 468 (N.D.Ill. 2006); *Murray v. New Cingular Wireless Services, Inc.,* 232

F.R.D. 295 (N.D.Ill. 2005).

26.  In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action and counsel for plaintiff be appointed class counsel.

        Respectfully submitted,

        MARGE ENGEL, individually and on behalf
        of all others similarly situated,

        /s/ Jeffrey Grant Brown
        Jeffrey Grant Brown
        One of Plaintiff's Attorneys

| | |
|---|---|
| Jeffrey Grant Brown | James X. Bormes |
| Converse & Brown, LLC | Law Office of James X. Bormes, P.C. |
| 105 West Adams Street | 8 South Michigan Avenue |
| Suite 3000 | Suite 2600 |
| Chicago, IL 60603 | Chicago, IL 60603 |
| (312) 789-9700 | (312) 201-0575 |
| #6194262 | #6202568 |