**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Marge Engel, individually and on behalf of all others similarly situated,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>Bijan Corporation,  )<br>  )<br>Defendant.  ) | Case No. 08 CV 1640 |

### DEFENDANT'S MOTION TO DISMISS

The Defendant, Bijan Corporation ("Bijan"), by its attorneys, Bert Zaczek and Amy Pikarsky, states for its Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6):

### Summary

The Plaintiff does not plead a cause of action. She filed suit claiming that Bijan violated a federal statute that required it to provide her with a truncated receipt showing no more than the last 5 digits of her credit card number. However, she does not claim that she received a copy of the receipt that included more than the last 5 digits of her credit card number. Rather, she has alleged that Bijan's "merchant's copy" of the receipt contained more than the last 5 numbers.

### Argument

1.      The Plaintiff's case is premised entirely on the putative requirements of 15 U.S.C. § 1681c(g)(1). Contrary to the Plaintiff's allegations, that subsection requires that copies of the receipts given to the <u>customer</u> cannot contain more than the last 5 digits of the card's number. It does not have any impact on the copies of the receipts kept by merchants. The subsection says (emphasis added):

Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt <u>provided to the cardholder</u> at the point of the sale or transaction.

2. In light of the Plaintiff's allegations, Bijan cannot be liable for anything. The Plaintiff pleaded that there were 3 receipts from the transaction and that only the one marked "Merchant's Copy", on which Bijan sought her signature, contained the full credit card number. Plaintiff's Complaint, ¶¶ 10, 12-14[1]. A copy of the Plaintiff's Complaint is attached here as Exhibit 1 (the relevant paragraphs are provided below in the footnote).

3. A basic rule of statutory construction requires that the statute be applied so it does what it articulates. <u>Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist.</u>, 541 U.S. 246, 252 (U.S.,2004) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.").

4. It is noteworthy that allowing merchants to keep copies of receipts that are not truncated does fulfill the purpose of the statute - protecting customers from identity theft - while still protecting merchants' needs to be able to show who purchased goods and services. The

---

[1] The relevant allegations of the Complaint are, *verbatim*:

10. At that time, Bijan, using Plaintiff's s credit card and the numbers appearing thereon, caused two credit card receipts to be printed on paper, which reflected the items purchased by Plaintiff, along with other information; and caused a third receipt to be printed, which reflected the total amount of the charge. Bijan sought Plaintiff's signature to validate the charge on her credit card, to reflect the purchase of the food at the Restaurant.

11 Bijan did not, and does not, record credit card or debit card account numbers solely by handwriting or by an imprint or copy of the card.

12 All three receipts were provided to Plaintiff upon completion of her meal.

13 One of the two credit card receipts was marked "Merchant Copy".

14 The "Merchant Copy" receipt displayed all of the numbers of Plaintiff's credit card, and the expiration date of her credit card.

hundreds of millions of people who use credit cards might carelessly throw receipts away without shredding them thereby exposing their names and credit cared numbers to identity thieves. Thus, § 1619c(g)(1) requires that the receipts "provided to the cardholder" cannot contain the full credit card number.

   5. On the other hand, merchants require a receipt with the full credit card number in case there is a glitch with the credit card processing company or the processing bank, or if either of their records were damaged or lost. Without that full receipt, a merchant might never be reimbursed for goods and services. For example, the merchant would only know that a "John Smith" whose last 5 numbers were 12345 made a purchase. Some purchases like cars and artwork could cause merchants to lose hundreds of thousands of dollars in just one transaction. Even if the merchant could ultimately determine who made the purchase, the disruption to cash flow if reimbursements were delayed for large purchases or for a whole day of receipts could be devastating.

   6. As it stands now, the Plaintiff has only alleged that a receipt that Bijan had her sign contained the full credit card number. That is not a violation of § 1619c(g)(1).

   **WHEREFORE**, Bijan Corporation requests that the Court dismiss the Plaintiff's Complaint.

               Respectfully submitted,

               **BIJAN CORPORATION**

            By:  _/s/ Bert Zaczek_____
Bert Zaczek             One of its attorneys
Amy Pikarsky
415 N. LaSalle St., Suite 300
Chicago, IL 60610
T: 312-527-1090
ARDC No.: 6217079
ARDC No.: 6290464

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGE ENGEL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BIJAN CORPORATION, <br><br> Defendant. | FILED: MARCH 20, 2008 <br> 08CV1640     TC <br> JUDGE DARRAH <br> Case No.  MAGISTRATE JUDGE MASON |

**CLASS ACTION COMPLAINT**

Plaintiff MARGE ENGEL, individually and on behalf of all others similarly situated, through her attorneys, Jeffrey Grant Brown and James X. Bormes, and for her claims against defendant BIJAN CORPORATION, alleges as follows:

Introduction

1   This matter is brought against Defendant Bijan Corporation (herein, "Bijan", or "The Restaurant") for its violation of 15 U.S.C. § 1681c(g) *et seq.*, the federal Fair and Accurate Credit Transactions Act ("FACTA" or the "Act") and its implementing regulations.  Defendant Bijan failed and continues to fail to truncate credit card numbers from receipts it creates at the point of sale of its food products, as required by the Act.  Plaintiff brings this action as a class action, on behalf of herself and all others similarly situated.

FACTA

2   Section 1681c(g) of FACTA provides, in relevant part:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

3   The Act gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

Parties

4   Plaintiff Marge Engel is a citizen of the State of Illinois, County of Cook, and resides in this Judicial District.

5   Bijan Corporation is, upon information and belief, an Illinois corporation doing business in the State of Illinois, County of Cook, and resides in this judicial district. Bijan operates a restaurant at 633 North State Street, Chicago, Illinois, which accepts credit cards or debit cards for the transaction of business.

6   Bijan is thus a "person", as that term is defined in 15 U.S.C. § 1681a(b).

Jurisdiction and Venue

7   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8   Venue in this district is proper because defendant Bijan transacts business here.

Facts related to Plaintiff

9   On or about November 7, 2007, Plaintiff consumed food at the Restaurant; and indicated that she wished to charge the cost of the food to a credit card, at the conclusion of the meal.

10  At that time, Bijan, using Plaintiff's credit card and the numbers appearing thereon, caused two credit card receipts to be printed on paper, which reflected the items

purchased by Plaintiff, along with other information; and caused a third receipt to be printed, which reflected the total amount of the charge. Bijan sought Plaintiff's signature to validate the charge on her credit card, to reflect the purchase of the food at the Restaurant.

11  Bijan did not, and does not, record credit card or debit card account numbers solely by handwriting or by an imprint or copy of the card.

12  All three receipts were provided to Plaintiff upon completion of her meal.

13  One of the two credit card receipts was marked "Merchant Copy".

14  The "Merchant Copy" receipt displayed all of the numbers of Plaintiff's credit card, and the expiration date of her credit card.

Facts related to other customers

15  Upon information and belief, many other customers of the Restaurant have used a credit card or debit card to purchase food or other items at the Restaurant, and in each such instance, the "Merchant Copy" of the charge receipt is provided to the customer, and contains all of the numbers of the credit card and the expiration date of the credit card.

Defendant's conduct was willful

16  FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

17  Defendant knew or should have known of the truncation requirement; the requirement was widely publicized among retailers.

18  Upon information and belief, credit card issuing organizations required compliance with FACTA by contract, in advance of the Act's mandatory compliance date.

19  Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

20  Defendant willfully disregarded the mandates of FACTA and continued to use cash registers or other machines or devices that print receipts in violation of the Act.

The Class Herein

21  Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23 (a) and (b)(3).

22  Plaintiff brings this action on her own behalf and on behalf of a class of all others similarly situated to whom Bijan provided a printed receipt at the point of sale or transaction which displays: (a) more than the last five digits of the person's credit card or debit card number, (b) the expiration date of the person's credit or debit card, or (c) both.

23  The class is so numerous that joinder of all members is impracticable. The exact size of the plaintiff class is not known, but the size of the class and the identification of its members is subject to determination through information within the exclusive control of the defendant.

24  There are questions of law and fact common to the class, which predominate over questions which may affect individual members. These questions include, *inter alia*: Whether defendant had a practice of providing customers with a sales or transaction

receipt which failed to comply with the truncation requirement of FACTA, 15 U.S.C. § 1681c(g) *et seq.*; whether defendant thereby violated the Act; whether defendant's conduct was willful; and whether judgment should be entered in favor of each member of the plaintiff class and against the defendant.

25  The claims of the representative plaintiff are typical of the claims of the class members: Plaintiff and each member of the putative class dined at Bijan, provided their credit card or debit card to Bijan at the point of sale or transaction, received a receipt that displayed more than the last five digits of their credit or debit card number, the expiration date of their credit or debit card, or both, and to the extent that defendant did not truncate such information on their receipts as required by the Act, the display of such information would be unauthorized by law in each such transaction.

26  The named Plaintiff has the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class, and the Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

27  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, the commonality of issues of law and fact, as well as the relatively small liability to each class member substantially diminishes the interest of members of the class in individually controlling the prosecution of separate actions; many of the members of Plaintiff's class are unaware of their rights to prosecute and do not have the means or resources to secure legal assistance; there has been little, if any, litigation already commenced by members of

the class to determine the questions here presented; and a class action can be managed without undue difficulty since defendants have regularly committed the violations complained of herein, in a standardized manner, and is required to have records of their dealings with each member of the class.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1681c(g) *et seq.*

28  Plaintiffs reallege paragraphs 1 through 27 as paragraph 28 of this Complaint.

29  Plaintiff Marge Engel brings this action on behalf of herself and a class of persons of all others similarly situated to whom Bijan provided a printed receipt at the point of sale or transaction which displays: (a) more than the last five digits of the person's credit card or debit card number, (b) the expiration date of the person's credit or debit card, or (c) both.

30  15 U.S.C. § 1681c(g) prohibits any person that accepts credit cards or debit cards for the transaction of business from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

31  Defendant knew or should have known of the truncation requirement.

32  Defendant willfully violated § 1681c(g) of the Act because it provided printed receipts to its customers at the point of sale or transaction which displayed (a) more than the last five digits of the person's credit card or debit card number, (b) the expiration date of the person's credit or debit card, or (c) both.

33  Section 1681n of the Act provides, in relevant part:

   §1681n.  Civil liability for willful noncompliance

    (a)      In general.

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –

        (1)(A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

        (B)    in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

        (2)    such amount of punitive damages as the court may allow; and

        (3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

34. Plaintiff and each member of the plaintiff class are entitled to statutory damages pursuant to § 1681n of the Act.

WHEREFORE, Plaintiff and the plaintiff class pray for the entry of an order:

a) Entering judgment against defendant, and finding and declaring that defendant's acts and practices complained of herein are in violation of the Act;

b) Enjoining defendant from printing any receipt which displays more than the last 5 digits of a customer's credit or debit card number, or the expiration date of such credit or debit card;

c) Awarding statutory damages to Plaintiff and the plaintiff class in the amount of $100 to $1,000 per violation, as set forth in the Act;

d) Awarding Plaintiff and the plaintiff class all of their costs and reasonable attorney's fees incurred in bringing this action; and

e) Granting such other and further relief as this Court may deem adequate and just, including punitive damages.

>Respectfully submitted,

>_____
>One of the attorneys for plaintiff
>and the plaintiff class

| | |
|---|---|
| Jeffrey Grant Brown | James X. Bormes |
| Converse & Brown, LLC | Law Offices of James X. Bormes |
| 105 West Adams Street | 8 South Michigan Avenue |
| Suite 3000 | Suite 2600 |
| Chicago, Illinois 60603 | Chicago, Illinois 60603 |
| (312) 789 9700 | (312) 332-0600 |
| ARDC # 6194262 | ARDC # 6202568 |