UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGE ENGEL, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 1640 |
| BIJAN CORPORATION, | ) ) | Judge Darrah Magistrate Judge Mason |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff's Complaint alleges that defendant has violated FACTA, the federal Fair and Accurate Credit Transactions Act, by printing the full credit card number and expiration date on the "merchant copy" of the receipt provided to plaintiff at the point of sale. Defendant apparently argues that it *is* permitted under FACTA to provide a copy of a receipt, containing plaintiff's entire credit card number and expiration date, at the point of sale. That argument is soundly defeated by the plain language of the statute.

The parties at least agree on the language of 15 U.S.C. §1681c(g)(1):

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon *any receipt provided to the cardholder* at the point of the sale or transaction.

(*Emphasis supplied*.) However, to reach its conclusion that it is not liable under the statute, defendant ignores the very words of Plaintiff's Complaint, paragraph 12, which it quotes:

"¶12. All three receipts were *provided to Plaintiff* upon completion of her meal."

Plaintiff's Complaint, ¶ 12 (*emphasis supplied*). Thus, the plain language of the Act supports plaintiff's allegations in this case.

Defendant suggests that it is, for some unarticulated reason, *required* to keep a receipt with the full credit card number[1], "in case there is a glitch with the credit card processing company…."  Defendant's motion, ¶5.  However, there is no such requirement in the statute.  Indeed, such conduct would defy the point of the statute.  Allowing a credit card receipt to circulate with the full card number and expiration date – even if that circulation is among merely all of defendant's employees, accountants, record keepers, etc. – is simply not permitted when that receipt is provided to the cardholder at the point of sale.  Plaintiff has alleged exactly that, in her complaint: a receipt with all numbers printed on it was presented to her at the point of sale.

Courts have held uniformly that section 1681c(g) is not ambiguous.  "The plain meaning of the statute is that a merchant shall not print more than the last 5 digits of the credit card number upon any receipt *and* a merchant shall not print the expiration date upon any receipt."  *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782, 786 (N.D.Ill. 2007)(denying defendant's motion to dismiss)(*emphasis in original*).  See also *Cicilline v. Jewel Food Stores, Inc.*, 2008 WL 895677 (N.D.Ill., Mar. 31, 2008) (Dow, J.) (collecting cases).

FACTA applies to "any receipt" that is "electronically printed" and "provided to the cardholder at the point of sale or transaction."  15 U.S.C. § 1681c(g).  The only exceptions in the statute apply to unsophisticated merchants who still use antiquated manual imprinting machines to create receipts.  *Id.*  It is simply not a defense to the statute to claim that defendant must retain a full, untruncated copy of the receipt – which it provides to the customer at the point of sale – in the event there is a later "glitch."

---

[1] Obviously, the vast majority of defendant's business peers and competitors have readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.  Complaint, ¶ 19.  The well-plead allegations of the Complaint must be taken as true in the context of defendant's motion to dismiss.

Instead, such conduct demonstrates defendant's willful violation of the statute. The Complaint alleges that Defendant knew or should have known of the truncation requirement, because "the requirement was widely publicized among retailers", Complaint, ¶ 17, that credit card organizations required compliance with FACTA by contract, Complaint, ¶ 18; and that most of defendant's business peers and competitors had complied, Complaint, ¶ 19. Defendant's response to these allegations is that it ought to be acceptable to do that which the statute prohibits. Defendant's argument in effect admits willfulness. *See*, *Follman v. Village Squire, Inc.,* 542 F.Supp.2d 816, 820 (N.D.Ill. 2007).

Finally, the fact that the statute contains another, different exception is significant. The statute clearly delineates the types of receipts that are not subject to the Act. It states, for example, that "[t]his subsection … shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card." 15 U.S.C. § 1681c(g)(2). This is the only exception provided for in the statute. If Congress had intended to exempt merchant copies of a receipt from the provisions of the Act, it could have easily done so within this section. The fact that Congress did not do so is significant support for the plaintiff's argument here. Accordingly, this Court should follow the canon of construction, *expressio unius est exclusio alterius*, to find that a merchant copy of the receipt is subject to the Act.

For these reasons, Defendant's motion must be denied.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order denying Defendant's motion to dismiss, and granting such further relief as it deems equitable and just.

Respectfully submitted,

MARGE ENGEL, individually and on behalf of all similarly situated persons,

/s/ Jeffrey Grant Brown
Attorney for Plaintiff

Jeffrey Grant Brown
Converse & Brown, LLC
105 West Adams Street
Suite 3000
Chicago, Illinois 60603
(312) 789-9700
#6194262

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
#6202568