UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marge Engel, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Bijan Corporation, )<br>)<br>Defendant. ) | Case No. 08 CV 1640 |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

The Defendant, Bijan Corporation ("Bijan"), by its attorneys, Bert Zaczek and Amy Pikarsky, states for its Reply in Support of its Motion to Dismiss:

**Summary**

The Plaintiff makes 2 arguments. Both are wrong. First, the Fair and Accurate Credit Transactions Act ("FACTA") does not prohibit merchants from keeping receipts that include the whole credit card number. It only prohibits merchants from giving an un-truncated receipt to a cardholder. Second, the Plaintiff insists that when FACTA prohibits a merchant from "provid[ing]" an un-truncated receipt, the prohibition includes allowing a cardholder to touch it briefly while signing it before the merchant takes it.

**Argument**

1.   The Plaintiff claims that it is noteworthy that in drafting FACTA, Congress did not create an exemption that allows merchants to keep copies of receipts with the entire credit card number. That argument is misleading. There is no need for such an exemption because there is no prohibition against merchants creating or keeping receipts with un-truncated credit card numbers. FACTA only prohibits merchants from

including non-truncated credit card numbers on receipts that are "<u>provided to the cardholder</u>". The relevant section of FACTA is 15 U.S.C. 1681c(g). It says (emphasis added):

> (g) Truncation of credit card and debit card numbers
>
> (1) In general
>
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt **provided to the cardholder** at the point of the sale or transaction.

2.     The Plaintiff's other argument is that the word "provided" in FACTA must be interpreted to mean prohibiting the cardholder from touching the receipt while signing it because any other construction would allow merchants to create and keep un-truncated receipts. The threat that supposedly exists, according to the Plaintiff, is that the merchant's employees, accountants and bookkeepers might access receipts and read the un-truncated numbers.

3.     But the threat that the Plaintiff conjures is a red herring. It exists regardless of how the word "provided" in FACTA is interpreted. FACTA leaves no doubt that it is **not** a blanket prohibition against a merchant creating and even keeping receipts with un-truncated credit card numbers. FACTA only prohibits merchants from creating receipts with un-truncated credit card numbers that are "<u>provided to the cardholder</u>" (emphasis added). The merchant is allowed to keep un-truncated copies.

4.     FACTA prevents a scenario where the tens of millions of receipts given daily to customers have complete credit card numbers and are then thrown in trash cans where they can be found and used by criminals to steal merchandise.

2

5. FACTA does not prohibit merchants from protecting themselves from computer crashes and other scenarios where digital information captured by swiping a credit card is lost. If merchants could not protect themselves this way, finding the party that owes $12,000 for a plasma television, for example, could take months. Having a copy of the receipt allows the merchants to send that to the credit card processor and recover the money for the television for which they already owe the manufacturer.

6. Thus, the point of Bijan's Motion, and the issue that the Plaintiff ignores, is what FACTA means by the word "provided" when it prohibits a merchant from "provid[ing]" a customer with a receipt with an un-truncated credit card number. In her Complaint, the Plaintiff copies FACTA's language by generically declaring that Bijan "provided" her with a receipt with an un-truncated credit card number.

7. But the fatal problem for the Plaintiff is that she expressly says that she was "provided" with the "merchant's copy" of the receipt. Pltf's. Complaint, ¶¶ 12-14.

8. In the context of a merchant's copy of a receipt, there are only two options as to what the Plaintiff means by "provided". One option is that the merchant asked her to sign it. And then the merchant took it. In this example, the Plaintiff would be equating "presented" for her signature with being "provided" with the receipt. In this scenario, the Plaintiff would be claiming that the merchant should be liable for creating a receipt with an un-truncated credit card number even though that is not prohibited because she managed to touch it briefly.

9. The second option is that the Plaintiff actually took the merchant's copy of the receipt despite its designation as belonging to the merchant. In this option, the Plaintiff would be equating her deliberate misappropriation or her carelessness with being

3

"provided" with a copy of the receipt. Ignoring for the purposes of the Motion to Dismiss whether there are so many people who either stole or accidentally took the merchant's copy so as to warrant a class action, in this scenario the Plaintiff would be claiming that her own conduct should make the merchant liable.

10. Bijan submits that neither pro-Plaintiff scenario comports with what the word "provided" means in FACTA. The first scenario - having the Plaintiff sign a receipt thereby letting her momentarily be in proximity to it - would be a hyper-allergic construction of "provided". And it would contravene FACTA which does not prohibit a merchant from making or keeping receipts with un-truncated credit card numbers. Nor does FACTA even prohibit merchants from having customers sign un-truncated receipts.

11. The second scenario – where "providing an un-truncated receipt includes the situation where a cardholder herself admittedly walks off with the merchant's copy of the receipt (*i.e.*, the merchant's property created by the merchant) – is a contorted use of FACTA that serves no purpose but to punish merchants who fail to outsmart malicious customers. It would be comparable to prosecuting a merchant for selling tobacco to minors when the minor jumped over the counter and stole cigarettes.

12. None of the authority cited by the Plaintiff involves any situation similar to what she is trying to accomplish. In fact, Bijan has not found a single case where anyone had the temerity like the Plaintiff to sue because they were allowed to touch the merchant's copy of the receipt or because they somehow misappropriated the merchant's copy of the receipt. For instance, the Plaintiff cites <u>Iosello v. Leiblys, Inc.</u>, 502 F.Supp.2d 782, 786 (N.D.Ill. 2007). There can be no dispute that the case does actually contain a comment where the court said that merchants are prohibited from creating <u>any</u>

4

receipt that has an un-truncated credit card number. But it is merely *dicta* - the context of the case reveals that the court did not pronounce that a merchant can never create a receipt with an un-truncated credit card number regardless of the fact that the receipt is not "provided" to the cardholder. Rather, the defendant in that case devised a somewhat wild argument that FACTA only required merchants to use a truncated credit card number if the receipt included the card's expiration date. Id. In response to that "either no expiration date or it must be truncated" argument, the court held that "any" receipt provided to customers must contain a truncated credit card number regardless of whether the expiration date was omitted. Thus, the court's use of the word "any" was meant to exclude the scenario advanced by the defendant that is not at issue in this case.

13. Even the two exceptions to FACTA's requirement that truncated credit card numbers be used on receipts provided to the cardholders - handwritten receipts and the old-style card imprint devices – demonstrates Bijan's point[1]. Not surprisingly, the exception to the rule requiring truncation on receipts given to the cardholders applies to receipts that are given to the customer (where truncation is not practicable). Those exceptions do not say that there is a general rule prohibiting merchants from keeping for themselves receipts with the complete credit card numbers.

14. The Plaintiff is claiming one of two things. She is either arguing that merchants, who are allowed to create receipts with un-truncated credit card numbers, violate FACTA if they so much as let the cardholder touch it while signing it. Or she is arguing that if she misappropriates a merchant's copy of the receipt, the merchant has violated FACTA.

---

[1] The exceptions are contained at 15 U.S.C. 1681c(g)(2).

5

15. FACTA prohibits neither of those scenarios. And this Court should not allow the Plaintiff's contorted reading and reasoning give rise to lawsuits based on either plaintiffs' claims that the merchant committed the sin of allowing them to touch a receipt not intended for them or that they were clever enough to palm the receipt not intended for them.

**WHEREFORE**, the Defendant, Bijan Corporation, requests that the Court dismiss the Plaintiff's Complaint.

Respectfully submitted,

**BIJAN CORPORATION**

By:  /s/ Bert Zaczek
One of its attorneys

Bert Zaczek
Amy Pikarsky
415 N. LaSalle St., Suite 300
Chicago, IL 60610
T: 312-527-1090
ARDC No.: 6217079
ARDC No.: 6290464